**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02883-CNS-STV

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),

     Plaintiff,

v.

AMY SPEARMAN, and
ROBERT BUNCH,

     Defendants.

_____

**ORDER**

_____

Entered by Chief Magistrate Judge Scott T. Varholak

     This matter comes before the Court on Plaintiff's Motion for Order Allowing Substitute Service of Process (the "Motion"). [#17] The Motion seeks leave to serve Defendant Spearman ("Spearman") through her father and co-defendant, Robert Bunch ("Bunch"), and through her former attorney, Gary Fielder. [*Id*.] This Court has carefully considered the Motion, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED** as modified herein.

**I.    BACKGROUND**

     Plaintiff initiated this action against Defendants on September 12, 2025 to recoup long-term care benefits that it was induced to pay as a result of a scheme by Defendants to defraud Plaintiff through misrepresentations and submission of false claims under two separate insurance policies. [#1] Plaintiff successfully served Bunch on September 17,

1

2025.  [#7]  The Clerk of Court filed an Entry of Default as to Bunch on October 31, 2025.

[#12]

In the instant Motion, Plaintiff claims it has been diligently attempting to serve

Spearman with no success.  [#17 at 2]  Specifically, Plaintiff ran background checks using

tools such as PeopleMap, Accurint, People Search, and publicly available records; and

hired a private investigator to identify addresses associated with Spearman.  [*Id.* at 2-3;

#17-1 at ¶¶ 3-6]  Through a process server, Plaintiff attempted personal service on

Spearman no less than nine times at three different addresses associated with

Spearman.  [#17 at 2-3]  Between September 17, 2025 and September 24, 2025, process

servers made four unsuccessful attempts to serve her at 9507 East Mississippi Avenue,

Apartment 206, in Denver,[1] encountering issues including lack of access, occupants

stating they did not know her, and unanswered doors.  [#17 at 6-7]  Additional attempts

on October 3, October 4, October 7, and October 8 at 9922 East Colorado Avenue,

Apartment 204, in Aurora[2] were unsuccessful due to no response [#17 at 7], and an

attempt on October 15 at 277 Troy Street in Aurora failed when a resident said they did

not know Spearman [*id.*].

In addition to these attempts at personal service, Plaintiff has made other attempts

to serve Spearman.   On October 20, counsel mailed Rule 4(d) waiver-of-service

packages to three addresses—9507 East Mississippi Ave., 9922 East Colorado Ave., and

3094 Carson Street[3]—but Spearman never responded.  [#17 at 7]  On October 28, John

---

[1] This address is Spearman 's last known address.  [#17-1 at ¶ 3]
[2] Plaintiff alleges the East Colorado Avenue address is associated with Spearman's
husband, Mark Spearman, found through PeopleMap, Accurint, and People Search.
[#17-1 at ¶ 5]
[3] This is an address Plaintiff listed in relation to her nursing license.  [#17-1 at ¶ 4]

Hancock retained an investigator to conduct sixteen hours of stakeout surveillance at both the Colorado Avenue and 227 Troy Street addresses, but these efforts also failed to locate Spearman.  [*Id*. at 11]  Further surveillance conducted on November 3 and November 5 at the Troy Street address failed when individuals at the residence denied knowing her (including one identifying herself as Charlene Spearman), and surveillance on November 9 and November 10 at the Colorado Avenue address resulted in no contact with any occupants.  [*Id*. at 8-9]  Plaintiff also attempted to contact Spearman directly by emailing the address she had repeatedly used and personally confirmed during her communications with the company, and by calling three phone numbers she provided during the underlying insurance claim and that appeared in a People Search report, but she did not respond.  [*Id*. at 11]

Counsel further contacted Attorney Gary Fielder, who had represented Spearman during pre-litigation discussions.  [*Id*. at 3, 11]  Fielder's office confirmed that Spearman knew about the lawsuit and had asked him to defend her, but Fielder declined because she could not pay for his services.  [*Id*.]

On November 12, 2025, Plaintiff filed the instant motion for substitute service. [#17]  In the Motion, Plaintiff seeks leave of this Court to serve Defendant Spearman through her father and co-defendant Robert Bunch, and through her former attorney, Gary Fielder.  [*Id*.]

## II.     DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of

3

general jurisdiction in the state where the district court is located or where service is made."  Colorado Rule of Civil Procedure 4(f) authorizes substitute service.  When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service."  Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f).  If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery."  Colo. R. Civ. P. 4(f).  For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail. As outlined above, Plaintiffs have made concerted efforts to serve Spearman but have been unsuccessful.  Accordingly, the Court must determine the availability of substitute

4

methods of service, beginning with Plaintiff's request to serve Spearman via her father and co-defendant, Robert Bunch.

Plaintiffs allege that substituted service on Bunch is appropriate in this case because Spearman is Bunch's caregiver and frequently visits him. [#17 at 3] Plaintiff cites the Complaint to support this statement, which states that through various interviews, Plaintiff determined that Spearman was Bunch's sole caregiver and visited him an average of three times a week on a flexible schedule during a period from May 1, 2022 to July 31, 2024. [*Id.*, *see also* #1 at ¶¶ 60, 62] Yet, Plaintiff provides no factual allegations that such visits continue presently or that her caregiving role requires her to be at the residence at predictable times such that service at that location would be reasonably calculated to reach her. The Court cannot infer a current, reliable connection from allegations concerning a past period.

Further, to the extent Plaintiff suggests that substituted service is proper because Bunch is Spearman's father and a served co-defendant in this case, this argument is unavailing. A familial relationship alone does not establish that Bunch is likely to relay documents to Spearman. Plaintiff has not provided any indication that these individuals maintain an ongoing relationship, beyond speculation that Spearman learned of the lawsuit because of Bunch. [#17 at 12 ("The only potential source of her knowledge is her father and co-defendant Bunch, who was successfully served.")] Bunch's own receipt of service does not demonstrate an ability or inclination to provide Spearman notice. Indeed, Bunch's current default status undermines any inference that he would effectively communicate litigation documents to Spearman. Accordingly, the Court cannot conclude

5

that service on Bunch would be reasonably calculated to give Spearman actual notice of this action.

Nonetheless, the Court determines that substituted service on Spearman's former attorney, Gary Fielder, is sufficient to effect service on Spearman. There are several examples of when substituted service on a defendant's current or former attorney is appropriate to effectuate personal service on the defendant. If an attorney is currently representing a defendant, it is reasonable to infer that the attorney will give actual notice of service to that defendant, and substituted service on that attorney is therefore appropriate. *Leonite Fund I, L.P. v. Hawaii Brewery Dev. Co. Inc.*, No. 25-cv-01371-NYW-STV, 2025 WL 2606706, at *3 (D. Colo. Sept. 9, 2025) (finding substituted service on Defendant's attorney proper because of current representation in a related case, which was reasonably calculated to give Defendant actual notice of the lawsuit); *Pogue v. Brown*, No. 25-cv-00285-WJM-STV, 2025 WL 808361, at *2 (D. Colo. Mar. 13, 2025) (finding substituted service on Defendant's arbitration attorney proper where Defendant knew of Plaintiff's claims against him and communicated with his attorney about them); *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25, 2019) (citing *Contrada, Inc. v. Parsley*, No. 1:10-cv-00646-WYD-CBS, 2010 WL 2943428, (D. Colo. July 21, 2010)). Substituted service on a former attorney can also be granted when such service will reasonably apprise the defendant of the lawsuit. *80Stees.com, Inc. v. Jersey Nation Pty., Ltd.*, No. 25-cv-01603-STV, 2025 WL 2391517, at *4-5 (D. Colo. Aug. 18, 2025) (finding substituted service on Defendant's former attorneys proper where those attorneys had represented Defendant in related litigation matters, which led to the filing of the action); *Sandia Lab'y*

6

*Fed. Credit Union v. Burg*, No. 1:24-cv-01443-SKC-STV, 2024 WL 4728025, at *4 (D. Colo. Nov. 8, 2024) (finding substitute service on Defendant's former attorney appropriate because the attorney had represented Defendant in matters related to the underlying dispute, was reasonably likely to provide Defendant notice of the lawsuit, and the method comported with due process).  Indeed, service upon an attorney, who may or may not have represented the defendant but has had dealings with them, can also be appropriate if the attorney has already given actual notice of service to the defendant.  *JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (ordering substituted service on an attorney who had potentially represented defendants in settlement negotiations relating to the lawsuit and had provided actual notice of the lawsuit to them).

Here, Plaintiff asserts that service on Attorney Gary Fielder is reasonably calculated to apprise Spearman of this lawsuit, as he previously represented her in pre-litigation settlement negotiations, was approached to serve as counsel in this lawsuit, but declined, and confirmed that Spearman was aware of the lawsuit.  [##17 at 3, 11; 17-1 at ¶ 12]  The Court finds that Attorney Gary Fielder's prior representation of Spearman in matters closely related to this dispute is sufficient to conclude that service upon him is likely to provide Spearman with actual notice of this action.  The Court has little doubt that Attorney Fielder will notify Spearman of the present litigation—of which she appears already aware.  Thus, service on Attorney Fielder is reasonably calculated to apprise Spearman of this litigation and thus comports with due process.

### III.    CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motion [#17] is **GRANTED** as modified herein;

2. Plaintiff is authorized to serve Defendant Amy Spearman via her former attorney, Gary Fielder, at 2325 West 72nd Avenue, Denver, Colorado 80221, as referenced in the Motion. In addition to the documents required to effectuate service, Plaintiff shall also include a copy of this Order;

3. Service of process shall be effectuated upon Defendant Amy Spearman in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, to the following locations on or before the date of delivery of process to Attorney Gary Fielder:

    a. Amy Spearman at the last-known residential address as referenced in the Motion: 9507 East Mississippi Avenue, Apartment 206, Denver, Colorado 80247; and

    b. Amy Spearman at the residential address listed in relation to Spearman's nursing license as referenced in the Motion: 3094 Carson Street, Aurora, Colorado 80011;

4. Plaintiff's deadline to serve Defendant Amy Spearman is extended to December 27, 2025; and

5. Plaintiff shall promptly file a status report informing the Court when such service is accomplished.

DATED:  November 26, 2025                    BY THE COURT:

                                             s/Scott T. Varholak
                                             Chief United States Magistrate Judge

Case No. 1:25-cv-02883-CNS-STV     Document 20     filed 11/26/25     USDC Colorado
pg 9 of 9